# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**JOSE JULIO ORTIZ**                                                                               **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO.: 4:13-cv-00168-SA-JMV**

**THE CITY OF GREENVILLE, et al.**                                       **DEFENDANTS**

## AGREED PROTECTIVE ORDER

Under Fed. R. Civ. P. 26(c), the terms of this Protective Order shall apply to, and shall govern, all documents, tangible things, disclosures, discovery responses, and testimony designated by the disclosing party as constituting or containing Confidential Information:

1. In connection with the discovery proceedings in this action, the parties may produce certain documents that consist of or include sensitive, confidential, private, or proprietary information.

2. These documents, when produced, shall be designated as confidential by stamping the copies of the documents produced "CONFIDENTIAL."

3. Portions of a deposition containing "Confidential Information" will be designated as "Confidential – Subject To Court Order."

4. A party shall only designate documents or testimony as "Confidential" or as containing "Confidential Information" if, in good faith, that party believes the documents or testimony may consist of, or may be deemed by another party to consist of, or include sensitive, confidential, private, or proprietary information, or are otherwise protected from disclosure under the applicable law or the Federal Rules of Civil Procedure. A party's designation is not conclusive. Any other party may challenge a designation of any particular document or testimony as "Confidential" or as containing "Confidential Information" by filing a motion, after

conferring in good faith, challenging the designation with the Court. The failure to file such a motion shall not be deemed an admission that any document designated as such is "Confidential" or contains "Confidential Information". The response to any such motion challenging a confidentiality designation shall be served within fourteen (14) days after service of the motion; the rebuttal by the moving party shall be served within seven (7) days of the response. During the pendency of the challenge, the parties shall treat the challenged material as "Confidential" or as containing "Confidential Information" within the terms of this Order unless and until the Court rules that the information is not subject to this Order.

     5.     Subject to paragraph 6, information designated as Confidential under this Protective Order (hereinafter "Confidential Information") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

     6.     Confidential Information may be disclosed or made available only to this Court, to counsel for the parties (including the paralegal, clerical, litigation support vendors, and secretarial staff employed by plaintiffs' and defendants' inside and outside counsel) and to the "qualified persons" designated below:

        (a)     the parties;

        (b)     experts or consultants (together with their clerical staff) retained by counsel to assist in the prosecution, defense or settlement of this action;

        (c)     court reporters employed in this action;

        (d)     a witness at any deposition or other proceeding in this action;

        (e)     the parties' insurers or reinsurers; and

        (f)     to any other persons to whom the parties in writing agree.

7. Prior to receiving any Confidential Information, each "qualified person" shall be informed of the existence of this Protective Order and shall agree to comply with it.

8. If Confidential Information is to be filed with this Court in this action, the party filing the document should apply with the Court pursuant to Local Rule 79 for an Order sealing the records before filing the document. The specific portion of the paper shall be separately labeled "Confidential – Subject to Court Order." If the Court fails to seal the document, the document should not be filed without notice to all other counsel of record in this case.

9. If any party is asked or ordered to produce any "CONFIDENTIAL" material pursuant to this Protective Order in any other litigation or proceeding other than that set forth above, the party so asked or ordered shall give the other parties written notice immediately, and before compliance, to permit the other parties to protect the confidential material in that proceeding.

10. In the event that any Confidential Information is used in any Court proceeding in this action, it shall not lose its Confidential status through such use, and the parties shall take all reasonable steps to maintain its confidentiality during such use. The party which has designated the information as Confidential may move the Court to provide protections to preserve the material or information's confidentiality.

11. This Protective Order shall survive the final termination of this action, to the extent that the information contained in any Confidential Information is not or does not become known to the public, and this Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed under this Order. Upon termination of this case, on request of any party, counsel for each party shall assemble and return to counsel for the producing party all "CONFIDENTIAL" documents or information identified in Paragraphs 1 and 2.

**SO ORDERED**, this the 26th day of June, 2013.

                                            /s/ Jane M. Virden
                                            **UNITED STATES MAGISTRATE JUDGE**